1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH GRIMES,                                No.  2:16-cv-1075 CKD P

12                  Plaintiff,

13        v.                                       ORDER

14   LEALI, et al.,

15                  Defendants.

16

17   I.  Introduction

18        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1), and plaintiff has consented to have all matters in this action before a United States

21   Magistrate Judge.

22        Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

23   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

24   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

1    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3    II.  Screening Standard

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16        In order to avoid dismissal for failure to state a claim a complaint must contain more than

17   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

18   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

19   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

21   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

22   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

24   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

25   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

26   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

27   U.S. 232, 236 (1974).

28   ////

2

1   III.   Discussion

2         Plaintiff alleges that defendant correctional officers Castillo and Casterjohn lost several

3   items of his personal property when plaintiff was transferred to the Administrative Segregation

4   Unit (ASU) in June 2015.  (ECF No. 1 at 5; see id. at 32.)  Plaintiff filed administrative

5   grievances seeking the return of his property.  (Id. at 5-7.)  In September 2015, defendant

6   Sergeant Leali encountered plaintiff and mentioned the missing property, but did not conduct a

7   formal interview.  (Id. at 7.)  Plaintiff alleges that defendants violated his due process rights and

8   were deliberately indifferent to his right to possess property.  (Id. at 7-8.)

9         A negligent or intentional deprivation of property by a state employee does not constitute

10  a violation of federal due process if the state provides a meaningful post-deprivation remedy for

11  the loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zimmerman v. City of Oakland, 255

12  F.3d 734, 738 (9th Cir. 2001).  California provides a remedial scheme for property deprivations

13  committed by state employees.  Barnett v. Centoni, 31 F.3d 813, 816–817 (9th Cir. 1994).  The

14  California Tort Claims Act is "an adequate post-deprivation remedy."  Id.; see Cal. Gov. Code §§

15  810–895.  Because plaintiff has an adequate state law remedy for being deprived of his property,

16  he fails to state a §1983 claim on this basis.[1]

17        Nor do plaintiff's allegations meet the threshold of an Eighth Amendment challenge,

18  which requires a prisoner to show, among other things, that a prison official's act or omission

19  results "in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan,

20  511 U.S. 825, 834 (1994).  Plaintiff's alleged lost property includes "a battery recharger, four

21  rechargeable batteries, seven compact discs (CDs); mirror; skull headphones; ear buds; back

22  brace; two toothbrushes; one bag of chips; one box of cool aid [sic]; four legal envelopes; lamp;

23  and two big bowls."  (ECF No. 1 at 32.)  Plaintiff has not shown that any of these items were

24  "necessities" so as to state a constitutional claim.

25  ////

26  ----

27  [1] Courts have distinguished those cases in which "the property deprivation is effected pursuant to
    an established state procedure."  Zimmerman, 255 F.3d at 738, citing Hudson, 468 U.S. at 534.
    In such circumstances, a plaintiff may allege a constitutional due process challenge "even though
28  some post deprivation remedies [are] available under state law."  Id.   This does not apply here.

3

1      Finally, while plaintiff alleges that some of his legal property was lost, he does not plead

2   the elements of an access-to-courts claim.  See Lewis v. Casey, 518 U.S. 343, 349-50, 353 (1996)

3   (prisoner alleging a violation of his right of access to the courts must demonstrate that he has

4   suffered "actual injury," i.e., "demonstrate that a nonfrivolous legal claim had been frustrated or

5   was being impeded.").

6      As it fails to state a claim, plaintiff's complaint must be dismissed.  However, the court

7   will grant leave to file an amended complaint.

8   IV.  Leave to Amend

9      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

10  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

11  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in

12  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

13  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

14  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

15  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

16  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

18  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This is because, as a

20  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24     In accordance with the above, IT IS HEREBY ORDERED that:

25     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

27  shall be collected and paid in accordance with this court's order to the Director of the California

28  Department of Corrections and Rehabilitation filed concurrently herewith.

1          3.  Plaintiff's complaint is dismissed.

2          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

3     complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

4     Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

5     assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

6     two copies of the amended complaint; failure to file an amended complaint in accordance with

7     this order will result in dismissal of this action.

8     Dated:  August 22, 2016

9                                                          _____
                                                           CAROLYN K. DELANEY
10                                                         UNITED STATES MAGISTRATE JUDGE

11

12

13    2 /grim1075.14.new

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28